**UNITED STATES of America, Plaintiff,**

v.

**Jerome ZABACK, Defendant.**

**Crim. A. No. 1908.**

United States District Court
D. Delaware.

Dec. 12, 1968.

---

Alexander Greenfeld, U. S. Atty., John P. Brady and Norman Levine, Asst. U. S. Attys., Wilmington, Del., for plaintiff.

A. Richard Barros, Dover, Del., for defendant.

## MEMORANDUM OPINION

CALEB M. WRIGHT, Chief Judge.

Defendant is charged under 18 U.S.C. § 641 [1] with receiving property of the United States Government knowing the same to have been stolen. This charge was tried before a jury on July 24–25, 1968 but the jury was discharged on July 29, 1968 without having reached a verdict. Defendant now moves for a judgment of acquittal.

The following facts were developed at trial: Defendant is the owner of an Army & Navy store in Dover, Delaware. On March 13, 1968, two young men entered the store and, while purchasing some merchandise, identified themselves as Air Force enlisted men and engaged defendant in a conversation regarding his willingness to purchase used or new army blankets (Tr. 27–28, 70–71, 93–94). Defendant stated that he could purchase blankets in quantity and would pay $1 for used, $2 for new (Tr. 28, 71). He admonished the men, however, not to bring any blankets to him on weekends and advised them that if they got caught,[2] he would deny ever having known them (Tr. 29–30, 73, 100). The two men left the premises and returned a short while later with seven used blankets which defendant purchased for $7 [3] (Tr. 29, 75, 99).

The following day, when defendant was not present in the store, these two men returned with a large quantity of army blankets (Tr. 31, 78). One of the men entered the store and explained to defendant's clerk, Collins, that he had about $100 worth of blankets to sell (Tr. 78–79). Collins stated that he did not have "that kind of money" but that he would telephone defendant and have him come over (Tr. 79, 101–102). It is undisputed that Collins had no authority to purchase the blankets (Tr. 95).

While the two men were awaiting the defendant's arrival, Collins opened the rear door and they drove their car to the rear of the store where they unloaded the blankets into a storeroom (Tr. 31, 79, 80, 102–103). As the two men were counting the blankets, three government agents entered the store and were directed to the storeroom by Collins (Tr. 10, 102). There they apprehended the

---

1. § 641 reads: "Whoever * * * steals * * * any * * * thing of value of the United States or any department or agency thereof * * * or whoever receives * * * the same with intent to convert it to his own use or gain, knowing the same to have been * * * stolen * * *" is guilty of a crime.

2. Defendant's clerk, Mr. Collins, signed a written statement stating that defendant's words were "caught with stolen goods." However, Collins denied the truth of that particular statement on the stand.

3. No charge is made in the indictment with regard to this transaction.

two men and charged them with the theft of the blankets from the Linen Exchange at the Dover Air Force Base (Tr. 10, 22, 33, 102). At that point, defendant returned to the store and, entering by the rear door, came upon the agents and the two men (Tr. 13). Defendant was subsequently charged with receiving the stolen blankets.

The parties stipulated at trial that the blankets specified in the indictment were the property of the United States Air Force, that they were stolen and that their value exceeds $100. There remained for proof that defendant received the blankets knowing them to be stolen.

Considering the evidence in the light most favorable to the United States, United States v. O'Day, 186 F.Supp. 572, 573 (D.Del.1960), this Court can find nothing in the record which would permit a jury to conclude that defendant "received" the blankets in question. While, indeed, the blankets had been placed in defendant's storeroom, defendant never gave any indication that these blankets were acceptable or that he desired to take possession of them. Defendant, indeed, never had the opportunity to ascertain any information about the source of the blankets or the circumstances of their availability—information which may well have led defendant to reject out of hand any transaction whatsoever. While Collins did permit the two men access to the rear storeroom, he most clearly did not have, nor did he show any signs of, authority to receive or exercise any possessory control over the blankets. Collins' actions thus cannot be considered a constructive receipt of the goods.

The Government having failed by any measure to prove an essential element of the crime, the motion for judgment of acquittal is granted.

Submit order in accordance herewith.